UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NTHONY</small> B<small>LACKMAN</small>,

   Plaintiff,          Hon. Paul L. Maloney

v.                Case No. 1:23-cv-348

S<small>HROYERS</small> T<small>OWING</small>, et al.,

   Defendants.
_____/

## **REPORT AND RECOMMENDATION**

  Plaintiff initiated this action April 5, 2023, against the City of Lansing, Shroyers Towing, and three individuals. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## **ANALYSIS**

  A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that Defendants are guilty of "car theft." (ECF No. 1, PageID.2). Plaintiff alleges that Defendants have "hidden his car for over 40 months or longer after losing [a] lawsuit" in state court. (*Id.*). According to Plaintiff, Defendants later "destroyed the car for none (sic) payment." (*Id.*). Plaintiff's complaint is subject to dismissal for at least two reasons.

First, Plaintiff is asserting only state law claims, but has failed to properly allege that this Court can exercise subject matter jurisdiction pursuant to its grant of diversity jurisdiction. *See* 28 U.S.C. § 1332; *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (to properly invoke the Court's diversity jurisdiction, a plaintiff "must fully allege the citizenship of each party"). Moreover, to the extent Plaintiff seeks to appeal the decision in the previously mentioned state court case, Plaintiff's recourse is to pursue relief in state court as this Court lacks subject matter jurisdiction to resolve any appeal of a decision by a state court. *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Durham v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013).

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned recommends that an appeal of this matter such would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to

appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date: April 12, 2023                /s/ Phillip J. Green
                PHILLIP J. GREEN
                United States Magistrate Judge