UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY BLACKMAN, ) | |
| Plaintiff, ) | |
| v. ) | No. 1:23-cv-348 |
| ) | |
| ) | Honorable Paul L. Maloney |
| SHROYERS TOWNING, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter has been referred to the Honorable Phillip Green, United States Magistrate Judge, pursuant to 28 U.S.C. § 636. Because Plaintiff was permitted to proceed as a pauper (ECF No. 4), Judge Green reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. He subsequently issued a report & recommendation ("R&R") recommending dismissal for failure to state a claim (ECF No. 6). Plaintiff was given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and he subsequently filed an objection (ECF No. 7). Because Plaintiff's complaint fails to state a claim and his objection fails to address the Court's concerns regarding jurisdiction, the Court will adopt the R&R and terminate this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff pleads that Defendants "stole" his vehicle and have "hidden this car for over 40 months or longer after losing [a] lawsuit in Lansing court" (ECF No. 1 at PageID.2). He claims they committed "car theft" and "destroyed the car for none [sic] payment" (*Id.*). The R&R raised two jurisdictional concerns: (1) Plaintiff merely alleged state-law claims and failed to plead facts allowing this Court to exercise diversity of citizenship jurisdiction; and (2) to the extent Plaintiff seeks to appeal the decision of a state court, this Court lacks jurisdiction to resolve any such appeal (ECF No. 6 at PageID.17).

Plaintiff's objection fails to address these concerns. He asserts that "The [instant] suit clearly state[s] relief [for] return of the lux[u]ry car and . . . the sum of $25,000 for the violation of Due Process [for] not returning the car, keeping it [for] 60 months . . . and now another 60 months" (ECF No. 7 at PageID.19). He further asks that Defendants "be tried and convicted" of theft and racketeering, and that he be awarded $25,000 as well as the return of his vehicle. Again, Plaintiff has failed to allege facts allowing this Court to exercise diversity of citizenship jurisdiction. And although he has, in a perfunctory manner, stated that Defendants have violated the Due Process Clause, he fails to allege facts that would support

2

such a conclusion. For these reasons, the Court lacks subject matter jurisdiction over this matter. Further, it appears that Plaintiff is currently litigating, or has litigated, a dispute regarding his vehicle in state court and has been unsuccessful. The Court does not have jurisdiction to review the decision of a state court. *See Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001) ("[*Rooker-Feldman*] abstention stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.") (internal quotation marks omitted).

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 6) as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff has failed to state a claim upon which relief can be granted, and this matter is **TERMINATED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: April 27, 2023 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge